IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM JEROME PARKER, | ) | Civil Action No. 4:12-2178-TLW |
| | ) | Criminal No. 4:03-381-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, William Jerome Parker. ("Petitioner" or "Defendant").[1] On August 26, 2003, a federal grand jury returned a multi-count Superseding Indictment charging Petitioner with narcotics and weapon offenses. (Doc. # 36). On August 28, 2003, the United States of America ("Government") filed an Amended Information pursuant to 21 U.S.C. § 851, alerting Petitioner that he was subject to enhanced penalties owing to prior felony drug convictions. (Doc. # 40). As a result of the filing of this enhancement, Petitioner faced a mandatory minimum sentence of 20 years (240 months), pursuant to 21 U.S.C. § 841(b)(1)(A). On May 3, 2004, Petitioner pled guilty to Count 8 of the Superseding Indictment, charging Conspiracy to Distribute and to Possess with Intent to Distribute 50 grams or more of Cocaine Base and 5 kilograms or more of Cocaine, in violation of 21 U.S.C. §§ 841 and 846. (Doc. # 66). On December 15, 2004, Petitioner was sentenced to 270

---

[1] Petitioner styled his motion as a "Motion to Vacate Sentence and to Resentence Pursuant to Simmons v. U.S." (Doc. # 179). By Order dated July 16, 2012, the Court notified Petitioner of its intention to treat this motion as a motion to vacate, set aside or correct a sentence pursuant to § 2255. (Doc. # 170). By letter dated July 23, 2012, Petitioner indicated his agreement to this characterization and treatment by the Court. (Doc. # 178).

months imprisonment. (Doc. # 70). The judgment in Petitioner's case entered on December 23, 2004. Id. Petitioner did not seek a direct appeal of his conviction and sentence.[2]

On June 13, 2012, Petitioner filed the present action raising one ground of relief. (Doc. # 179). Petitioner alleges that in light of the recently-decided case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner's sentence stands as unlawfully enhanced based upon a prior narcotics conviction. Id. On August 13, 2012, the Government filed its response and moved to dismiss Petitioner's motion (and in the alternative moved for summary judgment), arguing that Petitioner's application is time-barred as well as lacking substantive merit. (Docs. # 163 and # 186). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed August 20, 2012, that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 182). Petitioner has filed several documents in the nature of a response, (Docs. # 185, # 192 and # 195), all of which have been considered by the Court. The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject

---

[2] Petitioner did subsequently file a motion pursuant to 18 U.S.C. § 3582 for retroactive application of the revised sentencing guidelines for crack cocaine offenses on June 29, 2009, (Docs. # 135 and # 145), as well as a motion to reduce his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure on March 15, 2010. (Doc. # 148). As a result of Petitioner's success on these motions, Petitioner's sentence was reduced to 168 months imprisonment. (Docs. # 146 and # 152).

to collateral attack. 28 U.S.C.A. § 2255.  Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'"  Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334  Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).  In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved to dismiss Petitioner's motion.  (Doc. # 186).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8."  Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009).  The

Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; see also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009).  The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

    In the alternative, the Government has moved for summary judgment.  (Doc. # 186).  In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56.  Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249.  Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See

Celotex, 477 U.S. at 324.  Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

The Government contends that Petitioner's § 2255 application is time-barred insofar as it was filed more than one year after Petitioner's conviction became final.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition.  28 U.S.C. § 2255.  According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f) (1)-(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal). Where there is a direct appeal, the judgment of conviction becomes final when the time for filing a writ of certiorari challenging the appellate court's affirmation of the conviction (or for filing a petition for rehearing) expires. See Clay v. United States, 537 U.S. 522, 525 (2003).

Here Petitioner's judgment of conviction entered on December 22, 2004, and Petitioner did not file an appeal. (Doc. # 70). As such, Petitioner's judgment became final in or about early January of 2005. Petitioner did not file this present application until June 13, 2012. (Doc. # 179).

In his various filings, Petitioner attempts to justify the lateness of his application by reference to the recently-decided case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[3] However, as the Government points out in its brief, Simmons is unavailing to Petitioner for a number of reasons. First, because the Simmons decision interpreted and applied the United States Supreme Court case of Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), it is Carachuri (and not Simmons) that must serve as the starting point for any analysis of whether a newly recognized right has afforded Petitioner an additional window in which to file a timely §

---

[3] In Simmons, the Fourth Circuit held that when assessing whether a defendant's prior North Carolina state conviction constitutes a predicate offense for federal sentencing purposes, courts must look only to the state's statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. 649 F.3d at 249-250.

2255 application. The Supreme Court issued Carachuri-Rosendo on June 14, 2010, but Petitioner did not file this present application until June 13, 2012. Therefore, even assuming that Carachuri recognized a new right and made it retroactively applicable to cases on collateral review, Petitioner still did not file his present application within one year of the recognition of that new right.

Even more basically, however, the holding of Simmons is inapposite to the Petitioner's case insofar as Simmons concerned North Carolina's unique state court sentencing regime and a particular North Carolina drug offense the violation of which does not necessarily subject the offender to the possibility of a one year term of incarceration. That is simply not true of the 2002 Possession with Intent to Distribute Cocaine conviction that is at issue here. This Virginia offense clearly carries with it a maximum potential penalty of greater than one year incarceration. In fact, the Presentence Investigation Report ("Report") in Petitioner's case reveals that Petitioner himself received a sentence of 10 years incarceration, although 9 years and 230 days of that sentence was suspended. See Report at p. 10, paragraph # 50. Therefore, even if Petitioner's claim was not time-barred, Petitioner still would not be entitled to any relief under Simmons.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that the presumptive one-year statute of limitations governing § 2255 petitions bars this action. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is therefore **DENIED**, (Doc. # 179), and the Government's motion to dismiss is **GRANTED**. (Doc. # 186). The Government's earlier filing under the same name, (Doc. # 163), is terminated as **MOOT**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.


November 21, 2012                                              __s/Terry L. Wooten_____
Florence, South Carolina                                        United States District Judge